IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL TRENT DELACERDA | § | |
| VS. | § | CIVIL ACTION NO. 4:06 CV 236 |
| DIRECTOR, TDCJ | § | |

### MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Michael Trent DeLacerda, an inmate confined at the Choice Moore Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

The above-styled action was referred to the undersigned magistrate judge for findings of fact, conclusions of law, and recommendations for the disposition of this case.

### Procedural History

On November 27, 1987, Petitioner was convicted of aggravated kidnapping in the Rusk County, Texas, Criminal Court 4-J. Petitioner was sentenced to a term of fifteen years imprisonment. He has been paroled twice and had his parole revoked on both occasions. Petitioner complains of denial of street time credit.

### Discussion

Pursuant to 28 U.S.C. §2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in Rusk County which is located in the Tyler Division of the Eastern District of Texas. However, the petition has been inadvertently filed in the Sherman Division.

While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted. Petitioner does not indicate in which division his parole violations occurred.

Under 28 U.S.C. §1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have bee brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2nd 758,761 (5th Cir. 1989).

### Opinion

Since Petitioner complains of a conviction which occurred in the Tyler Division and all records and witnesses involving this action may be located in the Tyler Division, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Eastern District of Texas, Tyler Division. An Order to Transfer shall be entered in accordance with this Memorandum Opinion. IT IS THEREFORE, SO

ORDERED AND SIGNED THIS ___14___ DAY OF ___June___, 2006.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE